UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

Mexico Business Contacts, S.C.,

    Plaintiff,                                       Case No. 12 – 13529

v.                                              Hon. Stephen J. Murphy
                                                   Mag. Judge Laurie J. Michelson

Alken‑Ziegler, Inc..

    Defendant,
_____/

### REPORT AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [6]

This is a breach of contract case in which Plaintiff Mexico Business Contacts, S.C. ("Plaintiff") is seeking to recover unpaid sales commissions from Defendant Alken-Zigeler, Inc. ("Defendant"). (Dkt. 1, Compl.) After Defendant failed to answer or otherwise respond to the Complaint, Plaintiff sought and obtained a clerk's entry of default on September 5, 2012. (Dkt. 4.) Plaintiff then filed the present Motion for Default Judgment on September 13, 2012 (Dkt. 6) which has been referred to this Court for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) (Dkt. 7). Defendant has not responded to the Motion. The Court has carefully considered the relevant briefing and pleadings and will dispense with oral argument. *See* E.D. Mich. LR 7.1(f)(2). For the reasons set forth below, the Court RECOMMENDS that Plaintiff's Motion be GRANTED.

### I. BACKGROUND

According to the allegations in Plaintiff's Complaint, Plaintiff contracted with Defendant to serve as a sales representative. (Dkt. 1, Compl. at ¶ 7). Plaintiff alleges that for purposes of the Michigan Sales Representative Commission Act, Mich. Comp. Laws § 600.2961, Plaintiff is considered a "sales representative" and Defendant is considered a "principal." (*Id.* at ¶11.) Pursuant

to the parties' agreement, Defendant was to pay Plaintiff a commission at agreed-upon percentages based on certain sales by Defendant to TRW. (*Id.*) Plaintiff was also entitled to commissions on shipments occurring after the termination of the parties' relationship for orders procured by Plaintiff for Defendant. (*Id.* at ¶ 8.) Plaintiff alleges that while it has performed its obligations under the contract, Defendant has failed to pay commissions owed to Plaintiff. (*Id.* at ¶¶ 9-10.)

As a result, Plaintiff brought this breach of contract action on August 9, 2012, seeking damages for the unpaid sales commissions pursuant to Mich. Comp. Laws § 600.2961. (*Id.* at 3.) The Complaint was personally served on Defendant on August 13, 2012. (Dkt. 3.) After Defendant failed to respond to the Complaint, Plaintiff requested and obtained a Clerk's Entry of Default on September 7, 2012. (Dkts. 4, 5.) Plaintiff now seeks a default judgment in the amount of $198,890. (Dkt. 6, Mot. For Default J.)

## II. ANALYSIS

### A. Legal Standards

Pursuant to Federal Rule of Civil Procedure 55, when a party against whom a default judgment is sought failed to appear in the action and is not a minor or incompetent, notice of the motion is not required. Fed. R. Civ. P. 55(b)(2). Defendant Alken-Ziegler, Inc. is not a minor or incompetent, and thus, notice is not required. The Court, however, "must determine whether it has jurisdiction over the defendant before entering a judgment by default against a party who has not appeared in the case." *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 845 (E.D. Mich. 2006). Here, Plaintiff has sufficiently alleged diversity jurisdiction. (Compl., ¶¶ 1-5.) The Court also has jurisdiction over the parties. Plaintiff consented to the Court's jurisdiction over it by filing the action here and Defendant is alleged to be a Michigan corporation that was personally served in

2

Michigan.

Although Fed. R. Civ. P. 55(b)(2) does not provide a standard to determine when a party is entitled to a judgment by default, the case law indicates that the court must exercise "sound judicial discretion" when determining whether to enter the judgment. *State Farm Bank v. Sloan*, No. 11-10385, 2011 U.S. Dist. LEXIS 57652, at *4 (E.D. Mich. May 31, 2011) (Murphy, J.); 10A Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, *Federal Practice & Procedure* § 2685 (3rd ed. 1998).[1] Once a default is entered against a defendant, that party is bound on the issue of liability as to the factual allegations in the Complaint but "still has the opportunity to respond to the issue of damages." *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110-11 (6th Cir. 1995). Rule 55 indicates that the Court "may" conduct a hearing to determine the amount of damages. Fed. R. Civ. P. 55(b)(2). "However, an evidentiary hearing is unnecessary if sufficient evidence is submitted to support the request for damages, *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997), or if the amount claimed is one capable of ascertainment from definite figures in the documentary evidence or affidavits, *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)." *Juana's Packing Company, LLC v. Federal Bakers USA, LLC*, No, 09-301, 2010 U.S. Dist. LEXIS 4677, *3 (W.D. Mich. Jan. 21, 2010); *see also Vesligaj v. Peterson*, 331 F. App'x 351, 354-55 (6th Cir. 2009) (noting that an evidentiary hearing is a matter of discretion); *Biko Burrell v. Imperial Recovery Partners, LLC*, No. 11-11423, 2011 U.S. Dist. LEXIS 74292, *3 (E.D. Mich. July 11, 2011) (reiterating that Rule 55 does not require the Court to hold a hearing on

---

[1] Factors informing a court's discretion under Rule 55(b)(2) include: (1) prejudice to the plaintiff, (2) the merits of plaintiff's claim, (3) the sufficiency of the complaint, (4) the money at stake in the action, (5) a dispute concerning material facts, (6) defendant's excusable neglect, and (7) the strong policy of favoring decisions on the merits. *Sloan*, 2011 U.S. Dist. LEXIS 57652, at *4-5. While not specifically enumerated, these factors underlie the remainder of the Report.

damages so long as a basis exists for the damages requested.); *Sloan*, 2011 U.S. Dist. LEXIS 57652, at *7 (finding that "[a]n evidentiary hearing on damages is unnecessary here since the measure of damages is a function of a simple mathematical computation.").

The Court finds that a hearing is not necessary in this matter. The Complaint and Plaintiff's motion and supporting exhibits establish a basis for the amount of damages Plaintiff requests.

### B. Plaintiff Is Entitled To Sales Commissions Pursuant To Michigan Law

Plaintiff alleges that the parties entered into a sales representative agreement, Plaintiff performed all of its obligations under the agreement, and Defendant breached the agreement by failing to pay sales commissions due. (Dkt. 1.) As mentioned, Defendant has, by its default, admitted all facts necessary to establish its liability under Plaintiff's breach-of-contract claim.

Plaintiff requests damages pursuant to the Michigan Sales Representative Commission Act ("SRCA"), Mich. Comp. Laws § 600.2961. The relevant statutory language states:

> A principal who fails to comply with this section is liable to the sales representative for both of the following:
>
> (a) Actual damages caused by the failure to pay the commission when due.
>
> (b) If the principal is found to have intentionally failed to pay the commission when due, an amount equal to 2 times the amount of commissions due but not paid as required by this section or $100,000, whichever is less.

Mich. Comp. Laws § 600.2961(5).

With respect to actual damages, Plaintiff has provided an affidavit from its Associate Partner, Carlos Margain, who negotiated the sale representative agreement with Defendant. (Mot. For Default J., Ex. 2.) Mr. Margain explains that, pursuant to this agreement, Plaintiff would provide sales representation for Defendant at TRW in Mexico and, in return, Defendant would pay

4

commissions to Plaintiff according to a specific rate schedule on sales to TRW in Mexico. (*Id*. at ¶ 4.)[2] Defendant paid the required commissions through October 2011. (*Id*. at ¶ 5.) Defendant failed, however, to make timely commission payments for shipments from November 2011 through January 2012, resulting in an arrearage of $31,034. (*Id.* at ¶ 6.) To try to satisfy that arrearage, the parties agreed, by e-mail correspondence, that Defendant would pay $5,172.37 per month for 6 months. (Margain Aff., at ¶ 6 and Ex. B). Defendant made only one $5,000 payment leaving a balance owed for shipments through January 2012 of $26,034. (*Id.* at ¶ 6.)

According to Mr. Margain, Defendant announced it was ceasing operations as of September 30, 2012. (*Id.* at ¶ 9.) Margain explains that commissions for shipments between January 2012 and August 1, 2012 are calculated pursuant to the parties' original agreement – i.e., actual quantity (as specified in orders from the customer purchasing the product), multiplied by the unit price, and then multiplied by the commission rate. (Margain Aff. at ¶ 7-8; Ex. 3.) He calculates the amount of commissions owed for the period from February 1, 2012 until August 1, 2012 as $72,854. (*Id.* at ¶ 8). Thus, actual damages pursuant to Mich. Comp. Laws § 600.2961(5)(a) for unpaid commissions are $98,890.

Pursuant to Mich. Comp. Laws § 600.2961(5)(b), "if a principal deliberately fails to pay a commission when due, it is liable for a double-damages penalty under the statute" up to a maximum of $100,000. *In re Certified Question from U.S. Court of Appeals for Sixth Circuit*, 468 Mich. 109, 118-119, 659 N.W.2d 597, 602-603 (2003). The Michigan Supreme Court ruled that this provision "requires only that the principal purposefully fail to pay a commission when the commission becomes due." *Id*. Plaintiff alleges that Defendant "has repudiated its obligation to pay

---

[2] The rate schedule is explained in the Affidavit. (*Id.*)

5

commissions on continuing and future shipments of the commissionable parts." (Compl. at ¶ 10.) Plaintiff is, therefore, entitled to an additional $100,000 under the capped double-damages clause. Mich. Comp. Laws § 600.2961(5)(b).

Pursuant to the allegations in Plaintiff's Complaint as well as the Affidavit of Mr. Margain and supporting documentation, Plaintiff has demonstrated that it is entitled to the requested $198,890 in damages for Defendant's breach of contract.[3]

### III.    CONCLUSION AND RECOMMENDATION

Accordingly, for the reasons stated above, the Court RECOMMENDS that Plaintiff's Motion for Default Judgment be GRANTED and Plaintiff be awarded $198,890 in damages pursuant to the Michigan SRCA.

### IV. FILING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation by the district judge within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596-97. Objections are to be filed

---

[3] As a result, Plaintiff "would suffer prejudice were the Court to deny its motion and dismiss the action without prejudice. In that event, [plaintiff's] only recourse would be to re-file. It is unlikely that [defendant] would answer the complaint the second time around, and [plaintiff] would be in the same situation it is in now." *Sloan*, 2011 U.S. Dist. LEXIS 57652, at *4-5.

through the Case Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies, through the Clerk's Office. *See* E.D. Mich. LR 5.1. A copy of any objections is to be served upon this magistrate judge but this does not constitute filing. *See* E.D. Mich. LR 72.1(d)(2). Once an objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be filed within seven (7) days of service of the response. E.D. Mich. LR 72.1(d)(3), (4).

S/Laurie J. Michelson<br>
Laurie J. Michelson<br>
United States Magistrate Judge

Dated: October 11, 2012

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon the parties and/or counsel of record via the Court's ECF System and/or U. S. Mail on October 11, 2012.

s/Jane Johnson<br>
Case Manager to<br>
Magistrate Judge Laurie J. Michelson